In RE ESTATE OF WOOD ET AL.; FIRST
NATIONAL BANK OF FINDLAY,
APPELLANT.

(No. 5-84-14 — Decided July 24, 1985.)

*Whitman & Harper* and *Matthew T. Patterson,* for appellee.

*Weasel & Brimley, Charles W. Weasel* and *John F. Kostyo,* for appellant.

GUERNSEY, P.J. This is an appeal from a judgment of the Court of Common Pleas of Hancock County granting the motion of the receiver in the dissolution of a professional association to recover funds from the First National Bank of Findlay (hereinafter "bank") which had set off, as against monies due on a note, funds held in the bank in the dissolved association's checking account.

During his lifetime Donald V. Wood organized a professional association through which he operated his legal practice. The professional association became involved in at least two relationships with the bank, one being an obligation on a note given in the names of the professional association and Donald Wood personally, in the face amount of $22,431; the second being a checking account in the name of the professional association, which prior to the setoff had a balance in the neighborhood of $3,500.

Donald Wood died suddenly on October 8, 1983. On December 21, 1983, Ronald E. Dunbar, who held the position of security and compliance officer with the bank, ordered the proceeds of the checking account set off against the debt on the note, which at the time was ninety days delinquent, after he had determined under provisions of the note that the due date of the balance of the debt should be accelerated because of that delinquency.

Also on the same date, Wood's executrix petitioned the common pleas court to dissolve the professional association and to appoint a receiver.

The common pleas court appointed a receiver and claims were ordered filed against the assets of the professional association. The bank filed its claim for the balance due on the note, claiming also credit for the proceeds of the checking account setoff against the obligation on the note. The receiver countered with a motion to recover funds, seeking an order declaring the setoff void and to recover for the receivership the funds of the checking account involved in the setoff.

After a hearing on the motion the trial court rendered its judgment finding that the bank had the right to set off the full amount of the funds in the account against the indebtedness due on the note, but, notwithstanding that right, that the execution of the right of setoff was void for the reason that Dunbar was without authority to effect the setoff. Reference to the transcript of proceedings and the court's memorandum on a motion of the bank for reconsideration discloses that the trial judge had concluded that the bank had failed to show the nature and scope of Dunbar's authority.

Accordingly, the court ordered the bank to restore to the receiver the

$3,447.62 which had been held in the checking account prior to the setoff. This is the judgment from which the bank has perfected an appeal to this court, the bank assigning error in the lower court's holding that Dunbar did not have the authority to make the setoff.

Although the right of the receiver to proceed against the bank by motion rather than by complaint is not clear, it appears that the trial court treated the motion as a complaint. The bank appeared, without objection, and we will not further consider that procedure.

Also, since the trial court found that the bank had the right to set off the proceeds of the checking account and neither party contests that finding, we also will accept that finding and not further consider its propriety.

From the evidence, it appears undisputed that Dunbar was employed by the bank in the capacity of a compliance and security officer and it is further undisputed from his testimony, and from no evidence to the contrary, that, as such, he was an "officer" of the bank, although the court opined in a statement during the hearing that he was not an "officer" of the bank.

The only issue remaining is whether, in his capacity as compliance and security officer, Dunbar was authorized to set off the proceeds of the checking account against the obligation on the note.

Turning to the evidence on Dunbar's authority adduced at the hearing on the motion we find that the receiver offered no evidence, let alone testimony or claim contesting the authority of Dunbar to act in such fashion, and the only testimony on the issue was that of Dunbar. He said that he is employed as a compliance and security officer; that such is the equivalent of an assistant vice-president; that he was acquainted with the checking account and note; that he was involved in the decision to accelerate the note and that he prepared the documents to effect the setoff against the checking account.

From the trial judge's questioning of the witness it appears that the court's judgment may have been based on the conclusion that only executive officers of the bank corporation such as a vice-president, secretary, treasurer or cashier are authorized, by virtue of their positions, to accomplish setoffs.

However, we find no authority in Ohio supporting the trial court's conclusion in this respect and find that there is a presumption that acts of a bank employee, such as one in Dunbar's position, are presumed to be acts within the scope of the employee's authority.

"Unless and until the contrary appears, bank officers acting for the bank in the conduct of its business are presumed to have acted with authority. * * *" 9 Corpus Juris Secundum (1938) 439, Banks and Banking, Section 204.

"* * * [T]he acts of minor officials, within the scope of their authority, are binding on the bank * * *." Id. at 461-462.

Contrary to the judgment of the trial court, these cited general rules of law constitute support for the position that Dunbar's actions were authorized. On the other hand, and in any event, we will assume for the moment that Dunbar did not have authority, express or implied, to effect the setoff. We note then the general rule:

"While the acts of an officer may * * * be ratified by a resolution of the board of directors, it is not necessary for the board to act as a board in order to effect ratification * * *. *Ratification may be inferred from conduct, such as accepting the benefits resulting from an officer's act * * *.*" (Emphasis added.) Id. at 425-426.

Similarly, ratification or affirmance exists when the principal's position in a legal proceeding is based on the agent's acts. Thus, in Restatement of the Law 2d, Agency (1958) 250, Section 97, it is said:

"There is affirmance if the purported principal, with knowledge of the facts, in an action in which the third person or the purported agent is an adverse party:

"(a) brings suit to enforce promises which were part of the unauthorized transaction or to secure interests which were the fruit of such transaction and to which he would be entitled only if the act had been authorized; or

"(b) bases a defense upon the unauthorized transaction as though it were authorized; or

"(c) continues to maintain such suit or base such defense."

See, also, *State* v. *Executor of Buttles* (1854), 3 Ohio St. 309; and *Frank* v. *Jenkins, Bro. & Chipman* (1872), 22 Ohio St. 597.

It is apparent that in relying upon them both in its claim against the assets of the receivership and resisting the claim against it, the bank has fully ratified or affirmed Dunbar's acts relating to the setoff.

For the foregoing reasons, we conclude the trial court committed error as assigned and that the judgment on the motion should be reversed and vacated, final judgment for the appellant bank be rendered on the motion, and the cause remanded for further proceedings on the bank's claim against receivership assets as reduced by the setoff.

*Judgment reversed.*

COLE and MILLER, JJ., concur.